**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

| | | |
|---|---|---|
| **SAMANTHA HEAD,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL NO. 4:21-cv-00916-ERE** |
| | ) | |
| **KILOLO KIJAKAZI,** | ) | |
| **Acting Commissioner of Social Security,** | ) | |
| **ET AL,** | ) | |
| **Defendants.** | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANT'S MOTION TO DISMISS**

**I.  STATEMENT OF THE CASE**

On October 8, 2021, Plaintiff filed a Complaint seeking a writ of mandamus against

Defendant Social Security Administration (the Agency), and its employees, claiming that the

Agency and its employees had refused to schedule a hearing before an administrative law judge

(ALJ) in connection with her application for Disability Insurance Benefits under Title II of the

Social Security Act (the Act).  *See* Complaint, Docket #2.

The Agency files this Motion to Dismiss because mandamus jurisdiction is inapplicable:

the record shows that the Agency has followed and complied with all the applicable rules and

regulations.  Furthermore, no right to declaratory judgment or damages exists in this case.

Plaintiff's allegation that the Agency refused to schedule a hearing and that it violated her right

to due process is inaccurate and is not enough to support a finding in her favor.

**II.  STATEMENT OF THE FACTS**

On November 7, 2018, Plaintiff filed her application for a period of disability and

disability insurance benefits (DIB) under Title II of the Social Security Act (the Act).  *See*

Attachment 1, pp. 1-2.  The agency denied her claim on February 8, 2019.  *See* Attachment 1, pp.

1

3-5.  The denial notice informed her that if she disagreed with the determination, she had 60 days

to appeal.  *See* Attachment 1, p. 4.  The notice also explained to her how to file a request for

reconsideration.  *See* Attachment 1, p. 4.  On February 10, 2019, Plaintiff initiated but did not

complete an electronic request for reconsideration.  *See* Attachment 1, pp. 6-9.

On December 20, 2019, Plaintiff filed another initial DIB application, which the Agency

deemed a Subsequent Application because of the abandoned appeal.  *See* Attachment 1, pp. 10-

11, 14.  The Agency therefore did not make a determination for this application.  *See* Attachment

1, p. 14.  Instead, in accordance with Program Operations Manual System (POMS) DI

12005.005,[1] the Agency contacted Plaintiff on February 11, 2020, about the incomplete request

for reconsideration and explained to her how to complete the appeal.  *See* Attachment 1, p. 12.

Plaintiff completed the request for reconsideration, and on October 21, 2020, the Agency

issued a notice of reconsideration denying Plaintiff's claim.  *See* Attachment 1, pp. 15-16.

Because Plaintiff's claim had to be reopened, she had to submit a paper request for hearing,

which the Agency received on December 1, 2020.  *See* Attachment 1, p. 19.  Because the

COVID-19 Pandemic affected processing of paper documents, the Little Rock Hearing Office

received the request for hearing and accompanying file on or about November 2, 2021.  *See*

Attachment 2, Declaration of Sherri Head, Hearing Office Director, Little Rock Hearing Office.

Hearing office procedure requires cases to be scheduled in chronological order based on the date

---

[1]  POMS sets forth the SSA's official policies and procedures for carrying out its
responsibilities under the Social Security Act. While these policies and procedures do not have
the force of law and are not binding on the agency, *Berger v. Apfel*, 200 F.3d 1157, 1161 (8th
Cir. 2000), "the POMS are entitled to respect as publicly available operating instructions for
processing Social Security claims." *Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 951 (8th
Cir. 2004). "As an interpretation of a regulation promulgated by the Commissioner, the POMS
control unless they are inconsistent with the regulation or plainly erroneous." *Rodysill v. Colvin*,
745 F.3d 947, 950 (8th Cir. 2014).

of the request for hearing.  As of mid-November 2021, the Little Rock hearing office was scheduling hearings with request dates from December 2020 for hearings in February and March of 2022.  On December 6, 2021, Plaintiff was scheduled for a hearing before an ALJ on January 10, 2022.  *See* Attachment 1, pp. 23-27.  Plaintiff waived her right to 75-day notice of hearing. *See* Attachment 1, pp. 28.

On January 10, 2022, Plaintiff and her attorney appeared at a telephone hearing before an ALJ.  Her claim has required no additional development.  She is currently awaiting the ALJ's decision.

## III.  ISSUES

Whether the Court Should Dismiss Plaintiff's Request for a Writ of Mandamus.

Whether the Court Should Dismiss Plaintiff's Due Process Claim.

## IV.  ARGUMENT

### A.    Standard of Review for Dismissal Under Fed. R. Civ. P. 12(b)(6)

In considering a Federal Rules of Civil Procedure Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, the Court must accept all factual allegations of the complaint to be true and determine whether the allegations contained within the complaint show that the plaintiff is entitled to relief.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554–55 (2007).  "Dismissal under Rule 12(b)(6) is appropriate if it is clear that no relief can be granted under any set of facts that could be proven consistent with the allegations." *O'Neal v. State Farm Fire & Cas. Co.*, 630 F.3d 1075, 1077 (8th Cir. 2011).  A plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level", and "the pleading must contain something more than a statement of facts that merely creates a suspicion of a legally cognizable right of action."  *Twombly*, 550 U.S. at 555 (citation omitted).

A plaintiff must state sufficient facts to "give the defendant fair notice of what the … claim is and the grounds upon which it rests. *Id.* (citation omitted) (internal quotation marks omitted). To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a plaintiff must "nudge her claims across the line from conceivable to plausible" by pleading "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. The complaint must state more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Where the allegations show on the face of the complaint there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate. *Benton v. Merrill Lynch & Co.*, 524 F.3d 866, 870 (8th Cir. 2008) (internal citations omitted).

In *Ashcroft v. Iqbal*, the Supreme Court amplified the pleading standards, noting that a complaint "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." 556 U.S. at 678. "Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Id*. (*citing Twombly, supra*). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Dismissal is appropriate when the complaint 'on its face show[s] a bar to relief.'" *Cutrer v. McMillan*, 308 F. App'x 819, 820 (5th Cir. 2009) (*citing Clark v. Amoco Prod. Co.,* 794 F.2d 967, 970 (5th Cir. 1986)).

When a defendant files a motion to dismiss for failure to state a claim upon which relief can be granted, "[t]he court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and

referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d

383, 387 (5th Cir. 2010) (citation omitted).

**B.      Mandamus Jurisdiction Pursuant to 28 U.S.C. § 1361**

Title 28 U.S.C. § 1361 confers "original jurisdiction of any action in the nature of

mandamus to compel an officer or employee of the United States to perform a duty owed to the

plaintiff."  The Eighth Circuit has found that section 205(g) may not preclude mandamus

jurisdiction under § 1361 in cases in which the claimant challenges the Agency's procedures

unrelated to the merits of the claimant's claim for benefits.  *Belles v. Schweiker*, 720 F.2d 509

(8th Cir. 1983). "The test for jurisdiction is whether mandamus would be an appropriate means

of relief."  *Jones v. Alexander*, 609 F.2d 778, 781 (5th Cir. 1980) (citations omitted).

"Mandamus may issue under § 1361 against an officer of the United States only in extraordinary

situations and when the plaintiff can establish (1) 'a clear and indisputable right to the relief

sought,' (2) the state officer 'has a nondiscretionary duty to honor that right,' and (3) there is 'no

other adequate remedy.'"  *Mitchael v. Colvin*, 809 F.3d 1050, 1054 (8th Cir. 2016) (citation

omitted).  "Failure to show any one of these prerequisites defeats a district court's jurisdiction

under 28 U.S.C. § 1361."  *National Association of Government Employees v. Federal Labor*

*Relations Authority*, 830 F. Supp. 889, 898 (E.D. Va. 1993) (citing *Cook v. Arentzen*, 582 F2d

870, 876 (4th Cir. 1978)).

Furthermore, the writ of mandamus "is intended to provide a remedy for a plaintiff only

if [she] has exhausted all other avenues of relief and only if the defendant owes [her] a clear

nondiscretionary duty."  *Heckler v. Ringer,* 466 U.S. 602, 616 (1984).  Mandamus cannot be

used to compel the performance of discretionary duties of federal government officers;

mandamus will lie only to compel ministerial acts.  *Shoshone– Bannock Tribes v. Reno*, 56 F.3d

1476, 1480 (D.C. Cir. 1995); *First Fed. Sav. & Loan Ass'n. v. Baker*, 860 F.2d 135, 138 (4th Cir.1988).

## C.      Administrative Process for DIB Claims

The Act and the Commissioner's implementing regulations provide the procedural framework for seeking administrative and judicial review of disability claims.  Congress has directed that the determination whether an individual is under a disability shall be made in the first instance by a State agency, pursuant to regulations, guidelines, and performance standards established by the Commissioner.  *See* 42 U.S.C. § 421(a).  If the State agency determines that the claimant is not disabled, she may request a *de novo* reconsideration by the State agency.  The claimant is informed that she must request reconsideration within 60 days of her receipt of the adverse initial determination. *See* 20 C.F.R. §§ 404.904, 404.909(a)(1).

If the claimant is dissatisfied with the State agency's reconsideration, she "shall be entitled to a hearing thereon by the Commissioner of Social Security."  *See* 42 U.S.C. § 421(d). The claimant may request a hearing before an ALJ.  *See* 42 U.S.C. § 405(b)(1).  If the ALJ's decision is adverse to the claimant, she then may seek review by the Appeals Council.  *See* 20 C.F.R. §§ 404.955(a), 404.968(a)(1).  It is only after the Appeals Council has denied review, or has granted review and issued its own decision, that the Commissioner has rendered a "final decision" on the claim for benefits, which then is subject to judicial review pursuant to 42 U.S.C. § 405(g).

## D.      Plaintiff's Request for Writ of Mandamus Should Be Dismissed

Dismissal is appropriate in this case because Plaintiff's allegations are insufficient to establish a claim of mandamus relief.  Mandamus jurisdiction is inapplicable because the record shows the Agency has performed all duties under the applicable rules and regulations.  Plaintiff alleges that the Agency has violated her right to due process right by failing to issue a final

decision in her claim.  Plaintiff's own inaction caused a thirteen-month delay in the processing of her request for reconsideration, which she started on February 10, 2019, and completed over a year later.  This claim is currently active because the Agency contacted her and reopened it, even though in the interim Plaintiff had filed a subsequent claim on December 20, 2019.  This new application suggests that she had not intended to pursue the appeal for the November 7, 2018 claim.

Staffing limitations caused by the COVID-19 Pandemic and additional processing caused by reopening Plaintiff's claim resulted in the hearing office not receiving the request for hearing promptly.[2]  Since she filed the request for hearing, however, Plaintiff has experienced no delay in the ultimate adjudication of her claim by an ALJ.  Hearing office policy requires claims to be scheduled for hearing based on that claim's request for hearing date.  Other claims with similar request for hearing dates are set for hearings in February and March of 2022, well after Plaintiff's January 10, 2022 hearing date.  *See* Attachment 2.

Plaintiff claims that mandamus jurisdiction is appropriate because the Agency would not offer her a hearing.  "The fundamental requisite of due process of law is the opportunity to be heard."  *Goldberg v. Kelly*, 397 U.S. 254 (1970).  "It is an opportunity which must be granted at a meaningful time and in a meaningful manner."  *Armstrong v. Manzo, 380 U.S. 545, 552 (1965)* (internal citation omitted).  The Agency scheduled a hearing for Plaintiff, which she attended, on January 10, 2022.  Plaintiff's allegation that the Agency has refused to schedule a hearing is therefore moot.   Because the Agency has performed its nondiscretionary responsibilities in processing Plaintiff's claim, mandamus jurisdiction is not appropriate.

---

[2]  Since March 11, 2020, select Agency employees have been in the office to handle paper documents on a limited basis.

Mandamus can only be to compel ministerial, or non-discretionary, acts. *Shoshone–Bannock Tribes,* 56 F.3d at 1480; *First Fed. Sav. & Loan Ass'n.*, 860 F.2d at 138. Plaintiff's unsupported allegation that the Agency refused to schedule a hearing with an ALJ is contrary to the evidence. She cannot show the Agency failed to perform its non-discretionary duties in scheduling her for an ALJ hearing. The Court should deny Plaintiff's request for a mandamus to compel an action that the Agency has already performed and dismiss Plaintiff's Complaint.

E.     **Plaintiff Has No *Bivens* Remedy for Alleged Due Process Violations**

Plaintiff's Complaint is against the Commissioner as well as against Agency employees in their official and individual capacities. By suing employees in their individual capacities for allegedly violating her right to due process, she is seeking to impose liability on them, and she is asking the Court to recognize a new constitutional remedy that is not available under *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971). The Supreme Court has "consistently refused to extend *Bivens* liability in any new context." *Correctional Servs. Corp. v. Malesko*, 534 U.S. 61, 68 (2001). Furthermore, Congress has precluded *Bivens* action in 42. U.S.C. § 405(h) of the Act, and special factors counsel hesitation by the Court in recognizing a new *Bivens* remedy for constitutional claims.

In *Bivens*, the Court held that the victim of an alleged Fourth Amendment violation could bring suit to recover damages under 28 U.S.C. § 1331 where no apparent alternative remedies and "no special factors counseling hesitation in the absence of affirmative action by Congress" were present. *Bivens*, at 403. The Supreme Court has explicitly refused such remedies to claims for Social Security benefits. *Schweiker v. Chiliky*, 487 U.S. 412 (1988). Furthermore, Congress expressly denied any right to administrative and judicial review and precluded any actions on any claims against employees of the Social Security Administration under 28 U.S.C. § 1331,

Plaintiff's *Bivens* action is expressly barred by the Act.  Subsequent courts have also declined to extend *Bivens* to alleged due process violations raised against the Agency.  *See, e.g.*, *McKenna v. Comm'r of Soc. Sec.*, 156 F.3d 1231 (6th Cir. 1998); *Slabon v. Berryhill*, 751 F. App'x 918 (7th Cir.  2019); *Ingram v. Comm'r of Soc. Sec.*, 401 F. App'x 234 (9th Cir. 2010); *George v. Chater*, 57 F.3d 1080 (10th Cir. 1995).

    As the Commissioner has shown above and through her supporting attachments, the Agency has provided a hearing before an ALJ, which Plaintiff attended on January 10, 2022.  Thus, Plaintiff's DIB claim is proceeding through the administrative process.  Plaintiff's allegations of due process violation against the Agency or any of its employees are unsupported.  She is not entitled to any remedy under *Bivens*.  Because Plaintiff's Complaint is without merit, the Court should deny Plaintiff's mandamus request and dismiss her Complaint.

## V.  <u>CONCLUSION</u>

The Court should dismiss Plaintiff's Complaint because Plaintiff has failed to state a claim upon which relief can be granted.  The Agency has discharged its nondiscretionary obligations, which include providing Plaintiff a hearing before an ALJ.  Plaintiff's mandamus request is moot and the Court should dismiss Plaintiff's Complaint.

Respectfully submitted,

JONATHAN D. ROSS
United States Attorney
Eastern District of Arkansas

STACEY E. McCORD
Assistant U.S. Attorney
Eastern District of Arkansas

CHRISTOPHER G. HARRIS
Acting Regional Chief Counsel, Dallas

EMILY CARROLL
Special Assistant United States Attorney
Texas Bar No. 24069476
Social Security Administration
Office of the General Counsel-Suite 350
1301 Young Street, Mailroom 104
Dallas, Texas 75202
Phone: (214) 767-4635
Fax: (214) 767-4117
emily.carroll@ssa.gov