# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**SAMANTHA HEAD**                                                                   **PLAINTIFF**

**v.**                                   **No. 4:21-CV-00916-ERE**

**KILOLO KIJAKAZI, Acting Commissioner
of the SOCIAL SECURITY ADMINISTRATION,
ET AL**                                                                        **DEFENDANTS**

## ORDER

Plaintiff Samantha Head, who proceeds *in forma pauperis* and through retained counsel, filed this action against the Social Security Administration ("SSA") and SSA employees ("Individual Defendants"), sued in their individual and official capacities.[1]  Before the Court is the SSA's motion to dismiss for failure to state a claim upon which relief can be granted (*Docs. 11, 12*), Ms. Head's response in opposition (*Doc. 14*), and the SSA's reply. *Doc. 12*. After careful consideration, and for reasons that follow, the Court: (1) grants SSA's motion to dismiss; and (2) dismisses, *sua sponte*, all claims against the Individual Defendants pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).[2]

---

[1] An official capacity action against a government employee is treated as an action against the entity that employs the defendant. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  In this case, the employing entity is the Social Security Administration.

[2] The parties consented in writing to the jurisdiction of a United States Magistrate Judge. *Doc. 5*.

I. **Background**

Ms. Head claims that Defendants violated her right to procedural due process by denying her a hearing as required by law in connection with her claim for disability benefits. *Doc. 2 at 1-2*. She seeks: (1) mandamus relief, pursuant to 28 U.S.C. § 1361, requiring the SSA to provide her a hearing and issue a final agency decision within ninety days of the writ (*Id. at 6-7*); (2) declaratory relief, pursuant to 28 U.S.C. § 2201,[3] declaring that each Defendant violated her right to due process by failing to timely process her request for a hearing (*Id. at 8-12*); and (3) monetary damages, pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), for "financial and emotional hardship" she has suffered because of the "lengthy delay in processing her disability claim." *Doc. 2 at 12*.

The SSA has filed a motion to dismiss for failure to state a claim upon which relief can be granted (*Doc. 11*) arguing, among other things,[4] that: (1) SSA records related to Mr. Head's claim and submitted with the motion to dismiss show that the SSA held a hearing on Ms. Head's application for benefits and awarded benefits on

---

[3] The Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *does not* confer an independent source of federal subject matter jurisdiction. It provides a procedural remedy that may be implemented when subject matter jurisdiction is otherwise present. *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671–72 (1950).

[4] The SAA also argues that the administrative records submitted in support of its motion show that it complied with all rules and regulations with respect to Ms. Head's claim. The Court finds it unnecessary to address this argument.

January 25, 2022, making her claim for mandamus relief moot (*Doc. 12 at 6-7, Doc. 12-1; Doc. 15*); and (2) Ms. Head has no remedy for declaratory or monetary relief to address the alleged due process violations. *Doc. 12 at 8-9.*

## II. Discussion

### A. Claims Against the SSA

A federal court "may not proceed at all in a case unless it has jurisdiction[,]" *Crawford v. F. Hoffman-La Roche Ltd.*, 267 F.3d 760, 764 (8th Cir. 2001), and has a special obligation "to consider *sua sponte* [its] jurisdiction to entertain a case where, as here, [it] believe[s] that jurisdiction may be lacking." *Clark v. Baka*, 593 F.3d 712, 714 (8th Cir. 2010) (quoting *Huggins v. FedEx Ground Package Sys. Inc.*, 566 F.3d 771, 773 (8th Cir. 2009). "If the court determines at any time that it lacks subject-matter jurisdiction, it must dismiss the action." Fed. Rule Civ. P. 12(h)(3).

The SSA moves for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure, for failure to state a claim upon which relief may be granted, but the agency's arguments implicitly question whether the Court has subject matter jurisdiction to entertain Ms. Head's claims. *See Doc. 12 at 5-6; Doc. 15, at 2*. The SSA moves for dismissal based solely on the face of the complaint and undisputed evidence from the administrative record related to Ms. Head's benefits claim.[5]

---

[5] Ms. Head argues that the records submitted by the SSA do not show that the SSA granted her a timely hearing or followed rules and procedures. *Doc. 14 at 3-11*. But she does not and cannot dispute that the SSA granted her a hearing and issued a final decision.

Whether construed as a motion to dismiss for failure to state a claim under Rule 12(b)(6) or for lack of subject matter jurisdiction under Rule 12(b)(1), procedural rules allow the Court to consider the public records submitted in support of the motion to dismiss.[6]

Ms. Head, as the party invoking the Court's subject matter jurisdiction against an agency of the United States, shoulders the burden to show both a waiver of sovereign immunity[7] and a specific grant of subject matter jurisdiction. *V S Ltd.*

---

[6] When a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction is limited to the complaint and undisputed evidence in the record, the motion is a "facial challenge" to subject matter jurisdiction. See *Jones v. United States*, 727 F.3d 844, 846 (8th Cir. 2013). In deciding such a motion, "the court restricts itself to the face of the pleadings [and undisputed evidence], and the non-moving party receives the same protections as it would defending against a motion brought under Rule 12(b)(6)." *Id.* (quoting *Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990)).

"If, on a motion under Rule 12(b)(6) . . . , matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). However, "matters outside the pleadings" do not include "matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned . . . ." *Miller v. Redwood Toxicology Lab'y, Inc.*, 688 F.3d 928, 931 (8th Cir. 2012) (internal quotations omitted) (quoting 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1357 (3d ed. 2004)).

The documents presented by the SSA qualify as public records and are properly considered by the Court in deciding the SSA's motion to dismiss. See *Faibisch v. Univ. of Minnesota*, 304 F.3d 797, 802–03 (8th Cir. 2002) (concluding that an EEOC charge, an administrative record, is part of the public record and may be considered in deciding a motion to dismiss) *overruled in part on other grounds by Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369 (2004); *Deerbrook Pavilion, LLC v. Shalala*, 235 F.3d 1100, 1102 (8th Cir. 2000) ("On a motion to dismiss, a court must primarily consider the allegations contained in the complaint, although matters of public and administrative record referenced in the complaint may also be taken into account.").

[7] As an agency of the United States, the SSA enjoys sovereign immunity from suit. "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) (citations omitted). Sovereign immunity is jurisdictional in nature, "and the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983).

*P'ship v. Dep't of Hous. & Urb. Dev.*, 235 F.3d 1109, 1112 (8th Cir. 2000) (citing *Presidential Gardens Assocs. v. United States*, 175 F.3d 132, 139 (2d Cir.1 999)). Based on the face of the complaint and undisputed evidence in the record, Ms. Head cannot make the required showing.

First, Ms. Head cannot bring a *Bivens* action against the SSA, a federal agency. *F.D.I.C. v. Meyer*, 510 U.S. 471, 486 (1994) (*Bivens* action cannot be brought against a federal agency).

Second, § 405(g) of the Social Security Act permits actions for judicial review of *final* decisions of the SSA. However, Ms. Head cannot satisfy the requirements for jurisdiction under § 405(g) because she does not challenge a final agency decision. Instead, she claims that the SSA failed to provide her a timely hearing, which violated her right to due process. *Doc. 2 at 6; Doc. 14 at 12-15*.

Third, even assuming Ms. Head meets the demanding standard for mandamus relief,[8] her request for mandamus relief is moot. Documents included in the administrative record show that the SSA: (1) granted her a telephonic hearing, held on January 10, 2022 (*Doc. 12-1 at 23-27*); and (2) issued a decision in her favor on

---

[8] The Social Security Act "presents no obstacle to mandamus jurisdiction" under 28 U.S.C. § 1361 for claims that are "essentially procedural in nature." *Belles v. Schweiker*, 720 F.2d 509, 512 (8th Cir. 1983). Mandamus relief under 28 U.S.C. § 1361 is available "against an officer of the United States only in extraordinary situations and when the plaintiff can establish (1) 'a clear and indisputable right to the relief sought,' (2) the state officer 'has a nondiscretionary duty to honor that right,' and (3) there is 'no other adequate remedy.'" *Mitchael v. Colvin*, 809 F.3d 1050, 1054 (8th Cir. 2016) (quoting *Castillo v. Ridge*, 445 F.3d 1057, 1060–61 (8th Cir. 2006)).

January 25, 2022, finding that she has been disabled since the filing of her application for benefits on April 20, 2019. *Doc. 15-1 at 10*. Ms. Head does not deny these facts.

"A federal court lacks subject-matter jurisdiction if a claim becomes moot[,]" *Dalton v. JJSC Properties, LLC*, 967 F.3d 909, 913–14 (8th Cir. 2020) (citing *Brazil v. Ark. Dep't of Human Servs.*, 892 F.3d 957, 959 (8th Cir. 2018)), and "[a] claim is moot when 'changed circumstances already provide the requested relief and eliminate the need for court action.'" *Id*. (quoting *McCarthy v. Ozark Sch. Dist.*, 359 F.3d 1029, 1035 (8th Cir. 2004)).

For the reasons stated, the Court finds that it lacks either federal question jurisdiction or mandamus jurisdiction to entertain Ms. Head's claims against the SSA.

### B. Claims Against Individual SSA Employees

Because Ms. Head proceeds *in forma pauperis*, her claims against the Individual Defendants may be dismissed at any time upon a finding that her action against them is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Ms. Head's due process claims against the Individual Defendants are frivolous. See *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (explaining that a complaint is frivolous where it lacks an arguable basis either in law or in fact).

In *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), the Supreme Court authorized an implied cause of action for damages against federal agents for Fourth Amendment violations. *Bivens*, 403 U.S. at 389. However, the *Bivens* Court outlined two limitations under which a *Bivens* remedy is unavailable: (1) if Congress has provided an adequate statutory alternative, *Id.* at 397; or (2) if "special factors counsel[] hesitation in the absence of affirmative action by Congress." *Id. at 396*.

In *Schweiker v. Chilicky*, 487 U.S. 412, 429 (1988), the Supreme Court explained that where "the design of a government program suggests that Congress has provided what it considers adequate remedial mechanisms for constitutional violations that may occur in the course of its administration, [the Court] has not created additional *Bivens* remedies." *Schweiker*, 487 U.S. at 432. Considering the elaborate administrative structure and procedures provided under the Social Security Act for disability claims, the Court held that the Social Security program qualifies as a "special factor" that precludes claimants from suing government officials under *Bivens* for alleged due process violations in denying or delaying benefits. *Id. at 414*.

Even though the Social Security Act does not supply the type of "financial and emotional hardship" damages sought by Ms. Head, "Congress is the body charged with making the inevitable compromises required in the design of a massive and complex welfare benefits program[,]" *Id*. at 429, and the relief sought by Ms.

7

Head is "unavailable as a matter of law." *Id*. Accordingly, the Court finds that her *Bivens* claims against the Individual Defendants are frivolous and subject to *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i).

### III. Conclusion

IT IS THEREFORE ordered that:

1. This Court lacks subject matter jurisdiction to entertain Plaintiff's claims against the Social Security Administration, and the agency's motion to dismiss (*Doc. 11*) is therefore GRANTED. Plaintiff's claims against the Social Security Administration are DISMISSED WITHOUT PREJUDICE.

2. Because Plaintiff's claims against individual employees of the Social Security Administration are frivolous, her claims against the individual defendants are DISMISSED WITH PREJUDICE, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

3. Plaintiff's motion for a more definite statement (*Doc. 13*) is DENIED AS MOOT.[9]

4. Judgment dismissing this case will be entered separately.

IT IS SO ORDERED this 16th day of February, 2022.

                                            _____
                                            UNITED STATES MAGISTRATE JUDGE

---

[9] Ms. Head asks the Court to direct the SSA to state whether the Individual Defendants joined the motion to dismiss. *Doc. 13 at 2*. Because the Court, on its own motion, dismisses Ms. Head's claims against the Individual Defendants, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), the motion for a more definite statement is moot.